UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61285-CIV-ZLOCH

ALLISON SMITH,

    Plaintiff,

vs.                                    **O R D E R**

CASINO ICE CREAM, LLC,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Casino Ice Cream, LLC's Motion To Dismiss (DE 4). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Allison Smith initiated the above-styled cause with the filing of her Complaint (DE 1) alleging a violation of the Fair and Accurate Credit Transactions Act (hereinafter "FACTA"), which amended the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. (2006) (hereinafter "the FCRA"). FACTA prohibits any person that accepts credit or debit cards for the transaction of business to print more than the last five digits of the card number or the expiration date of the card on any receipt provided at the point of sale. 15 U.S.C. § 1681c(g)(1).

    Damages for a violation of § 1681c(g) are provided in the FCRA. For a willful failure to comply with FACTA or the FCRA's requirements, a person who accepts credit or debit cards is liable for "any actual damages sustained . . . or damages of not less than $100 and not more than $1,000." Id. § 1681n(a)(1)(A). A willful

violation also entitles a consumer to "such amount of punitive damages as the court may allow," plus costs and attorney's fees. Id. § 1681n(a)(2)-(3).  For a negligent failure to comply, a person who accepts credit or debit cards is liable for any actual damages sustained, plus costs and attorney's fees.  Id. 1681o(a).

Plaintiff claims Defendant willfully violated § 1681c(g)(1) by printing the expiration date of her card on the receipt generated at the point of sale.  DE 1, ¶¶ 13-14.  Defendant filed the instant Motion To Dismiss (DE 4) arguing that Plaintiff's case should be dismissed for failure to state a claim upon which relief can be granted.  Defendant parrots the analysis of a recent decision of the United States District Court for the Northern District of Alabama, Grimes v. Rave Motion Pictures Birmingham, L.L.C., 552 F. Supp. 2d 1302 (N.D. Ala. May 28, 2008), which struck § 1681(n)(a)(1) down as unconstitutional.

In Grimes, the district court found that the language "not less than $100 and not more than $1,000" is unconstitutionally void for vagueness because it does not instruct a jury on the proper manner of determining a damage award.  552 F. Supp. 2d at 1306.  That court also found that the possibility of punitive damages violated the defendants' due process rights because it would punish the same conduct twice.  Id. at 1307.  Defendant implores the Court to adopt the Grimes court's reasoning and argues that § 1681(n)(a)(1) is both unconstitutionally void for vagueness and violates its due process rights.

In considering a motion made under Federal Rule of Civil

Procedure 12(b)(6), the Court will accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. Feb. 27, 2008).  The Supreme Court has counseled that Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on it face."  Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1974 (2007).  A suit brought pursuant to a statute that is in fact unconstitutional does not state a plausible claim.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (requiring a complaint to assert "some viable legal theory") (quotations omitted).

     The Court finds that § 1681(n)(a)(1) is neither vague nor violative of any due process for Defendant.  While the Court gives all due deference to the opinion of the learned jurist William M. Acker, Jr., several factors counsel against this Court adopting the holding in Grimes.  First, regarding the sliding damages scale, it is the role of a jury to arrive at a compensatory damages calculation that will make a successful plaintiff whole.  FACTA allows an award of either actual damages or statutory damages of $100 to $1,000 inclusive.  The Court finds that a reasonable jury tasked with this responsibility will be able to affix the proper amount of damages.  While Congress could have fixed a bottom amount and left the top amount for a plaintiff to prove at trial, it has instead given a statutory window within which the jury may fix the damages based on the evidence adduced at trial.

Second, the Court finds no violation of any due process right from the mere possibility of a punitive damage award. Punitive damages are designed to punish wrongdoing, and courts employ a multi-factored test to review such an award. See Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1282-83 (11th Cir. Jan. 17, 2008). The Court cannot say, with no facts before it, that the mere possibility of punitive damages violates any due process right. Any such award will be reviewed for its accord with due process when the same is imposed. See In re Exxon Valdez, 270 F.3d 1215 (9th Cir. 2001) (giving a lengthy analysis of an award of punitive damages).

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Casino Ice Cream, LLC's Motion To Dismiss (DE 4) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   9th   day of October, 2008.

    /s/ William J. Zloch
    WILLIAM J. ZLOCH
    United States District Judge

Copies furnished:

All Counsel of Record